# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSFIELD R. BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAM AHLIN, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:10-cv-00117-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AS MOOT<br>(Doc. 3.)<br><br>ORDER RESOLVING PLAINTIFF'S MOTION FOR WAIVER OF SECURITY BOND<br>(Doc. 4.) |

**I.　BACKGROUND**

Plaintiff Mansfield R. Brown ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on January 22, 2010. (Doc. 1.) Plaintiff consented to Magistrate Judge jurisdiction on January 29, 2010, and no other party has appeared in the action. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3). Now pending are Plaintiff's motions for preliminary injunctive relief and for waiver of the security bond, filed on January 22, 2010. (Docs. 3, 4.)

**II.　PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions

until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Thus, when there no longer "'exists a present controversy as to which effective relief can be granted,'" the request for relief is moot, "preempt[ing] any determination on the merits." S.E.C. v. Gemstar-TV Guide Int'l, Inc., 367 F.3d 1087, 1091 (9th Cir. 2004) (quoting Village of Gambell v. Babbitt, 999 F.d 403, 406 (9th Cir. 1993)).

Plaintiff has requested a court order prohibiting officials at Coalinga State Hospital from confiscating his personal laptop computer while this action is pending. At the time Plaintiff filed the complaint for this action, he was in custody at Coalinga State Hospital. However, according to Plaintiff's address of record at the Court, Plaintiff is no longer in custody at Coalinga State Hospital

1  and now resides at a street address in Upland, California.[1]  Therefore, at this juncture, the court does
2  not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of
3  the defendants in this action.  Zepeda, 753 F.2d at 727.  Because Plaintiff is no longer subjected to
4  the conditions at Coalinga State Hospital with regard to imminent confiscation of his laptop
5  computer, his motion for a court order prohibiting such action is moot.

**III.    SECURITY BOND**

Rule 65(c) of the Federal Rules of Civil Procedure provides:

> "**Security.**  The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.  The United States, its officers, and its agencies are not required to give security."

Fed.R.Civ.P. 65(c).  Plaintiff has filed a motion for the court to waive the security bond required under Rule 65(c).  As discussed above, the Court finds that Plaintiff's motion for preliminary injunctive relief is moot.  Therefore, the issue of the security bond shall not be considered.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for preliminary injunctive relief, filed January 22, 2010, is DENIED as moot; and

2.   Plaintiff's motion for waiver of the security bond, filed January 22, 2010, is RESOLVED.

IT IS SO ORDERED.

Dated:   **September 1, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] On March 30, 2010, the Court updated Plaintiff's address in this action to a street address in Upland, California, pursuant to a Notice of Change of Address filed by Plaintiff on March 29, 2010 in case number 1:06-cv-1801-BLW-LMB-PC, Allen. et al. v. Mayberg, et al.  (See Court Docket.)

3