IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANSFIELD R. BROWN, | ) | 1:10-cv-00117 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF JURISDICTION |
| | ) | |
| v. | ) | |
| | ) | |
| A. TREVINO, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a former civil detainee proceeding pro se in this civil rights action. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

**I.    Screening Requirement**

This action proceeds on the original complaint. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Allegations**

Plaintiff, formerly a civil detainee at Coalinga State Hospital (CSH), brings this civil rights action against the Executive Director of CSH and the Executive Director of the Department of Mental Health (DMH). On July 28, 2006, administrators at CSH issued Administrative Directive (AD) 654, which permitted patients to own laptop computers. AD 654 was amended on November 9, 2006, to provide that laptop ownership was a privilege rather than a right. In 2009, the Department of Mental Health (DMH) passed an emergency regulation which prohibited possession of electronic devices with the capability to connect to a wired and/or wireless network.[1] Cal. Code Regs., tit. 9 § 4350 (2010). Included in the emergency regulation's definition of contraband are Plaintiffs' personal laptop computer.

Plaintiff alleges that the emergency regulation violates his rights under the First, Fifth, and Fourteenth Amendments, and constitutes breach of contract. Plaintiff seeks damages and an injunction prohibiting Defendants from enforcing the regulation, which will lead to confiscation of Plaintiff's property.

---

[1] The final regulation was issued on 2010.

2

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)(citations omitted); Human Life of Washington Inc. v. Brumsickle, 624 F.3d 990, 1000 (9th Cir. 2010); Chandler v. State Farm Mutual Auton Ins. Co., 598 F.3d 1115, 1121-22 (9th Cir. 2010).  This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation and (3) a likelihood that the injury will be redressed by a decision in his favor.  Human Life of Washington, Inc., 624 F.3d at 1000 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (quotation marks omitted).  Related to standing is the doctrine of ripeness, which precludes from consideration injuries that are speculative and may never occur.  Chandler, 598 F.3d at 1122 (citation omitted).  Ripeness is a question of timing and can be characterized as standing on a time line.  Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000)(en banc) (quotations and citations omitted).

## III.     Conclusion and Order

At the time Plaintiff filed this action, his laptop had not been confiscated pursuant to section 4350 and it is unclear whether the regulation was ever enforced against Plaintiff.  The mere existence of the regulation does not satisfy the case or controversy requirement.  Thomas, 220 F.3d at 1139(citation omitted), and therefore, Plaintiff's claims are unripe and are subject to dismissal for lack of subject matter jurisdiction.  This cased should therefore be dismissed.  The Court will, however, dismiss this case without prejudice to re-filing in the event that Plaintiff's claims are ripe.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 12, 2012**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

4